# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**CHARLES HETHERINGTON,**          }
                                   }
    **Plaintiff,**                   }
                                   }
**v.**                             }   **Case No.: 5:10-CV-01374-RDP**
                                   }
**WAL-MART, INC.,**                }
                                   }
    **Defendant.**                  }

## MEMORANDUM OPINION

    The Magistrate Judge filed a Report and Recommendation (Doc. # 27) on April 24, 2012, recommending that Defendant's Motion for Summary Judgment (Doc. # 18), be granted. In particular, the Magistrate Judge recommended that Plaintiff's Complaint alleging that his employment with Defendant was terminated because of his disability in violation of the Americans With Disabilities Act ("ADA")[1] be dismissed. The parties were advised of their right to file specific written objections within fifteen (15) days, and Plaintiff has filed objections to the Report and Recommendation. (Doc. # 28). Plaintiff also filed objections (Doc. # 31) to the Magistrate Judge's Order striking certain evidence (Doc. # 30), issued in response to Defendant's Motion to Strike portions of Plaintiff's evidentiary submission (Doc. # 24).

---

[1] The parties apparently agree that the January 1, 2009, amendments to the ADA (hereinafter referred to as the "ADAAA") do not apply to Plaintiff's case because the ADAAA does not apply retroactively. Although the Eleventh Circuit has not issued a published opinion on the issue, in an unpublished *per curiam* decision, it has suggested that the ADAAA does not apply retroactively. *Fikes v. Wal-Mart, Inc.*, 322 Fed.Appx. 882, 883 n.1 (11th Cir. 2009). Other courts have held that the ADAAA should not be applied retroactively. *Milholland v. Sumner County Bd. of Educ.*, 569 F.3d 562, 565-66 (6th Cir. 2009); *Kiesewetter v. Caterpillar, Inc.*, 295 Fed.Appx. 850, 851 (7th Cir. 2008); *EEOC v. Agro Distr., LLC*, 555 F.3d 462, 469 n.8 (5th Cir. 2009). This case truly demonstrates the different standards that apply with the ADA on the one hand, and the ADAAA on the other, and Plaintiff's claims must be evaluated under the former.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, the Order on the Motion to Strike, and Plaintiff's objections to both of those documents, the court concludes as follows: Even considering all of the evidence which the Magistrate Judge ordered stricken, the Magistrate Judge's Report is due to be and hereby is **ADOPTED** and the Recommendation is **ACCEPTED**.

The court notes that Plaintiff's disability claim fails because the assertions he relies upon to establish a *prima facie* case of disability are conclusory, and certainly not descriptive as to the impact, severity, or duration of any alleged substantial limitation on a major life activity. His *prima facie* evidence simply does not afford any means of comparing his inabilities relative to the inabilities of the average person in the general population. *Hubmann v. Young,* 2010 WL 3789102 *4 (11th Cir. 2010). The term "substantially limits" is defined as "significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1)(ii). The fact that Plaintiff suffers from some limitations, and has been approved to receive social security benefits, is not determinative of the issue. *See Littleton v. Wal-Mart Stores, Inc.*, 231 Fed. Appx. 874, 877 (11th Cir. 2007). The burden of establishing disability is on Plaintiff, and under the ADA, as opposed to the ADAAA, that burden is a heavy one. *See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002). Defendant's Motion for Summary Judgment (Doc. # 18) is due to be granted.

**DONE** and **ORDERED** this ____11th____ day of June, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE